UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILLIAN PELLETIER and<br>RAFAEL MELENDEZ<br>    Plaintiff,<br><br>v.<br><br>CITY OF LAWRENCE and<br>CLAUDIO COMACHO<br>    Defendants. | Civil Action No. 05-11266-REK |

## ANSWER OF THE DEFENDANT, CLAUDIO CAMACHO

Now comes the Defendant, Claudio Comancho, and answers the Complaint of the Plaintiffs, Lillian Pelletier and Rafael Melendez, as follows:

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

3. Admitted.

4. Admitted.

5. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

7. Denied.

8. Admitted insofar as the Defendant, Claudio Camacho, stated that he was struck in the face by the Plaintiff, Rafael Melendez.

9. Admitted insofar as the Defendant, Claudio Camacho, identified himself as a police officer, otherwise denied.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

11. Denied.

12. Denied.

13. Admitted insofar as the Defendant attempted to remove Plaintiff, Rafael Melendez from the car, otherwise denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that Plaintiff Rafael Melendez was arrested for being a disorderly person, assault and battery on a police officer, and resisting arrest, otherwise denied.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

20. Admitted that Lillian Pelletier was arrested for being a disorderly person and resisting arrest, otherwise denied.

## COUNT I

21. The Defendant incorporates in their entirety his responses to paragraphs one (1) through twenty (20) set forth above.

22. The Defendant is without sufficient information to either admit or deny whether the Plaintiffs are citizens of the United States, therefore denied.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

WHEREFORE, the Defendant, Claudio Comacho, requests that this Court dismiss this action, with costs to the Defendant.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Service of process was insufficient as a matter of law.

### Third Affirmative Defense

Plaintiffs' claims are barred under the provisions of M.G.L. c. 258 §10.

### Fourth Affirmative Defense

The Defendant states that his actions and conduct were performed according to and protected by law and/or legal process and therefore the Plaintiffs cannot recover.

### Fifth Affirmative Defense

The Defendant states that he was privileged in his conduct and acts and therefore Plaintiffs cannot recover.

### Sixth Affirmative Defense

The Defendant is qualifiedly immune from this suit as the alleged acts complained of occurred within the scope of his official duties and the Defendant had no reason to believe that his conduct was illegal and/or unconstitutional nor was his conduct clearly violative of Plaintiffs' rights at the time.

### Seventh Affirmative Defense

The Defendant states that at all times relevant hereto he acted without malice toward the Plaintiffs and that his actions relative to the Plaintiffs were privileged by virtue of his reasonable, good faith belief that his actions were lawful and within the scope of his discretionary authority as a police officer.

### Eighth Affirmative Defense

Any damages incurred by Plaintiffs as alleged in the Complaint resulted from their own intentional and illegal conduct and therefore, they are barred from recovery.

### Ninth Affirmative Defense

The Defendant states that any force used toward the Plaintiffs was reasonable under the circumstances.

### Tenth Affirmative Defense

The Defendant states that he was justified in his conduct and acts and therefore is not liable to the Plaintiffs as alleged in the Complaint.

### Eleventh Affirmative Defense

The Plaintiffs' claims against the Defendant are frivolous, without any basis in fact and not advanced in good faith. The Defendant is therefore entitled to attorney's fees, costs and any other sanctions the Court deems appropriate under the terms and provisions of 42 U.S.C. 1983.

4

### Twelfth Affirmative Defense

The Defendant states that if the Plaintiffs suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### Thirteenth Affirmative Defense

The Defendant states that the Plaintiffs were rightly detained and that the detention was for a reasonable period of time.

### Fourteenth Affirmative Defense

The Defendant did not violate any clearly identified right of any plaintiff under state or federal law.

### Fifteenth Affirmative Defense

Defendant's conduct was necessary to ensure his own safety, the safety of his fellow officers and the safety of others.

**THE DEFENDANT CLAIMS TRIAL BY JURY.**

                                               Respectfully submitted,
                                               For the Defendant,
                                               **Claudio Comacho,**
                                               By his attorneys,

                                               _____
                                               Matthew E. Dwyer
                                               B.B.O.# 139840
                                               Kathleen A. Pennini
                                               B.B.O. # 654573
                                               Dwyer, Duddy and Facklam, P.C.
                                               Two Center Plaza, Suite 430
                                               Boston, MA 02108
Dated: _____                                (617) 723-9777

## CERTIFICATE OF SERVICE

I, Matthew E. Dwyer, do hereby certify that a true copy of the foregoing document has been served upon:

James M. Bowers, Esq.
Lawrence City Hall, Room 306
200 Common Street
Lawrence, MA 01840

Richard J. Ahern, Esq.
200 Central Street
Lowell, MA 01852

by first class mail, postage pre-paid, this ____6____ day of September 2005.

_____
Matthew E. Dwyer, Esq.

f:\lpa\pelletier\pldgs\answer.doc:blg