UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILLIAN PELLETIER and <br> RAFAEL MELENDEZ <br>     Plaintiff, <br><br> v. <br><br> CITY OF LAWRENCE and <br> CLAUDIO COMACHO <br>     Defendants. | Civil Action No. 05-11266-REK |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFFS FROM PRESENTING EVIDENCE RELATED TO AN ALLEGED ASSAULT AND BATTERY UPON THE PLAINTIFFS WHILE IN CUSTODY AT THE LAWRENCE POLICE STATION ON FEBRUARY 21, 2005

    The Defendant, Claudio Camacho, hereby moves this Honorable Court for an order precluding the Plaintiffs from giving testimony, presenting evidence or otherwise mentioning at trial an alleged assault and battery upon the plaintiff while in custody at the Lawrence Police station on February 21, 2005. As grounds for this Motion, the Defendant states as follows:

1.    On June 15, 2005 the Plaintiffs filed a complaint in the instant matter claiming a single count of a violation of 42 U.S.C. §1983 against the City of Lawrence and Claudio Camacho, a City of Lawrence Police Officer arising out of events occurring on February 21, 2005 at the Club Galaxia in the City of Lawrence in connection with the arrest of both plaintiffs by Officer Camacho.

2.    All of the facts alleged in the complaint involve the alleged actions of the plaintiffs and Officer Camacho at the scene of the arrest and claimed that Officer Camacho wrongfully arrested the plaintiffs, used a level of force that was excessive during the arrest and, as result of the level of force used in the arrest, the plaintiffs suffered physical and emotional injuries to their person,

damage to their reputation, a loss of liberty and were required to defend themselves in Lawrence District Court. *See Complaint, ¶¶24-27.*

3. The complaint makes no mention of any alleged misconduct by Officer Camacho at the Lawrence Police station following their arrests and Officer Camacho was not aware that they were claiming any such assault and battery occurred.

4. Officer Camacho filed an answer to the Complaint on September 6, 2005. Since he was totally unaware of any such claims he did not respond to any such allegations in his answer nor did he assert any affirmative defenses based upon such claims.

5. Based upon the complaint, the parties conducted discovery which concluded on November 6, 2006

6. At the deposition of the plaintiffs conducted on October 27, 2006, Plaintiff Melendez gave testimony for the first time that he was beaten by Officer Camacho while at the Lawrence Police Station on February 21, 2005 and that another officer assisted him during this newly-alleged beating.

7. However from the complaint it is clear that such a claim had never been raised in any pleading as part of this case, which focused solely upon the details of the arrest of the plaintiffs at the Club Galaxia.

8. Plaintiffs have not made any timely motion to amend their complaint since the deposition of Plaintiff Melendez as required by Rule 15(a).

9. Any evidence, testimony or reference to such alleged acts is therefore irrelevant to the claim in the instant matter and this Court should enter an order precluding the plaintiffs from introducing any evidence, testimony or reference to them as part of this case.

10. Moreover, should the plaintiffs be permitted to refer to a newly alleged incident at the Lawrence Police Station now that discovery is closed, Defendant Camacho will be prejudiced by the fact that he cannot learn any more information about the newly created claim. Had the plaintiffs properly included facts or claims related to such an allegation in their pleading Officer Camacho could have explored it more fully through discovery. However, since discovery is now closed, Officer Camacho has no ability to do that and therefore will be prejudiced should the Court permit the plaintiffs to make such new assertions in a dispositive motion or at trial.

11. Even if the court deems the allegation made at the deposition relevant to the claims here it should exclude it as its probative value is substantially outweighed by the risk of unfair prejudice to the defendant.

12. As further grounds in support of this motion Defendant relies upon the memorandum of law attached hereto.

WHEREFORE, Defendant Claudio Camacho, hereby moves that the Court issue an order precluding the Plaintiffs from giving testimony, presenting evidence or otherwise mentioning at trial an alleged assault and battery upon the plaintiff while in custody at the Lawrence Police Station on February 21, 2005.

Respectfully submitted,
For the Defendant,
**Claudio Camacho,**
By his attorneys,

/s/ Paul M. Facklam, Jr.
Matthew E. Dwyer
B.B.O. #139840
Paul M. Facklam, Jr.
B.B.O. #638190
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
(617) 723-9777

Dated: September 4, 2007

## Certification Pursuant to Local Rule 7.1(A)(2)

I hereby certify that, pursuant to Local Rule 7.1(A)(2), I conferred with opposing counsel regarding the subject matter of this Motion in a reasonable and good faith attempt to resolve this matter before filing this Motion.

/s/ Paul M. Facklam, Jr.
Paul M. Facklam, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on this date.

Date: September 4, 2007

/s/ Paul M. Facklam, Jr.
Paul M. Facklam, Jr.

F:\LPA\Comacho\pldg\mot.limine.doc