UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILLIAN PELLETIER and <br> RAFAEL MELENDEZ <br>     Plaintiff, <br><br> v. <br><br> CITY OF LAWRENCE and <br> CLAUDIO COMACHO <br>     Defendants. | Civil Action No. 05-11266-REK |

## MEMORANDUM IN SUPPORT OF THE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFFS FROM PRESENTING EVIDENCE RELATED TO AN ALLEGED ASSAULT AND BATTERY UPON THE PLAINTIFFS WHILE IN CUSTODY AT THE LAWRENCE POLICE STATION ON FEBRUARY 21, 2005

The Defendant, Claudio Camacho, has filed a motion for an order precluding the Plaintiffs from giving testimony, presenting evidence or otherwise mentioning at trial an alleged assault and battery upon the plaintiffs while in custody at the Lawrence Police station on February 21, 2005. In support of that motion the Defendant submits this memorandum of law and respectfully moves this Honorable Court to grant his motion and issue an appropriate order.

### I.  Relevant Facts

On June 15, 2005 the Plaintiffs filed a complaint in the instant matter claiming a single count of a violation of 42 U.S.C. §1983 against the City of Lawrence and Claudio Camacho, a City of Lawrence Police Officer arising out of events occurring on February 21, 2005 at the Club Galaxia in the City of Lawrence in connection with the arrest of both plaintiffs by Officer Camacho. *See Complaint.* All of the facts alleged in the complaint involve the alleged actions of the plaintiffs and Officer Camacho at the scene of the arrest. *Id.* It claims that Officer

Camacho wrongfully arrested the plaintiffs, used a level of force that was excessive during the arrest and, as result of the level of force used in the arrest, the plaintiffs suffered physical and emotional injuries to their person, damage to their reputation, a loss of liberty and were required to defend themselves in Lawrence District Court. *See Complaint, ¶¶24-27.*

The complaint makes no mention of any alleged misconduct by Officer Camacho at the Lawrence Police station following their arrests and Officer Camacho was not aware that they were claiming any such assault and battery may have occurred. *Id.* Officer Camacho filed an answer to the Complaint on September 6, 2005. Since he was totally unaware of any such claims he did not respond to any such allegations in his answer nor did he assert any affirmative defenses based upon such claims. *See Answer of the Defendant, Claudio Camacho.*

The parties conducted discovery which concluded on November 6, 2006. At the plaintiffs' deposition conducted on October 27, 2006, Plaintiff Melendez gave testimony for the first time claiming that he was beaten by Officer Camacho while at the Lawrence Police Station on February 21, 2005 and that another officer assisted him during this newly-alleged beating. However from a simple reading of the complaint it is clear that such a claim had never been raised in any pleading as part of this case, which focused solely upon the details of the arrest of the plaintiffs at the Club Galaxia. Plaintiffs have failed to make any timely motion to amend their complaint since the deposition of Plaintiff Melendez as required by Rule 15(a).

## II.   Argument

### A.   The Allegation Made At The Deposition Is Not Relevant To The Claims In The Complaint.

"Motions *in limine* allow the Court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *See Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984). "The

purpose of a motion in limine is to prevent irrelevant, inadmissible or prejudicial matters from being admitted in evidence ... and in granting such a motion, a judge has discretion similar to that which he has when deciding whether to admit or exclude evidence ..." (citations omitted). *City of Boston v. Board of Education*, 392 Mass. 788, 796, 467 N.E.2d 1318 (1984); *quoting Commonwealth v. Hood*, 389 Mass. 581, 594, 452 N.E.2d 188 (1983), *quoting Commonwealth v. Lopez*, 383 Mass. 497, 500 n. 2, 420 N.E. 2d 319 (1981). Here, the evidence that plaintiffs may try to present is not relevant and the Court should use its discretion to exclude it.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. Rule 401. Rule 402, in turn provides, in pertinent part, " . . . Evidence which is not relevant is not admissible." Fed.R.Evid. Rule 402.

The First Circuit has noted that "[w]hile the Federal Rules reflect a universal trend away from stereotyped pleading, they do not presage abandonment of the requirements that parties be given reasonable advance notice of the major issues to be raised." *Jakobsen v. Massachusetts Port Authority*, 520 F.2d 810, 815 (1st Cir.1975)(Barring affirmative defense not raised in answer). Evidence concerning issues that are not raised in the pleadings is irrelevant. *See Lynch v. Board of Appeal of Boston*, 1 Mass.App.Ct. 353, 356, 297 N.E.2d 63 (1973).

As outlined above, the claims of the plaintiffs in this matter are based solely on the details of the arrest at the Club Galaxia on February 21, 2007. *See Complaint.* There is absolutely nothing alleged that would even lead to an inference that they are claiming an assault and battery at the Lawrence Police station or any police misconduct other than that alleged at the

Club Galaxia at the time of the arrest. Therefore, facts pertaining to the arrest and the events at the Club Galaxia are the only relevant facts for the plaintiffs to present.

Conversely, any evidence, testimony or reference to acts at the Lawrence Police station is therefore irrelevant to the claim in the instant matter. As a result, this Court should enter an order precluding the plaintiffs from introducing any evidence, testimony or reference to such acts as part of this case. Such evidence will certainly not make any fact of consequence to the events during the arrest at the Club Galaxia any more or less probable. Indeed, such facts have no bearing whatsoever on the claims asserted in the complaint.

**B.     Even If The Court Deems The Allegation Made At The Deposition Relevant To The Claims Here It Should Exclude It As Its Probative Value Is Substantially Outweighed By The Risk Of Unfair Prejudice To The Defendant.**

Rule 403 of the Federal Rules of Evidence provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. Rule 403.

As noted above, the Courts expect that the pleadings give parties reasonable advance notice of the major issues to be raised by the suit. *Jakobsen v. Massachusetts Port Authority*, 520 F.2d 810, 815 (1st Cir.1975)(Barring affirmative defense not raised in answer). Further, "[i]t is well within a court's discretion to find prejudice where [a proposed amendment to the complaint] 'substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation.'" *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 450 (1st Cir.1995). That is

especially true where the party's attempt to change the theory of the case late in the proceedings would force the other party to conduct additional discovery, research, and preparation. *Id.*

While the plaintiffs have not even bothered to attempt to amend their complaint in a timely fashion it is clear that they will attempt to raise this previously unclaimed new issue at the trial. There is certainly no demonstrable justification for the failure to amend the complaint, a factor typically considered by the Court in weighing the prejudice to a party. *See DCPB, Inc. v. City of Lebanon*, 957 F.2d 913, 917-918 (1st Cir.1992). Were the plaintiffs permitted to refer to the alleged incident at the Lawrence Police station now that discovery is closed and the claim was never added to the complaint Defendant Camacho will certainly be prejudiced.

Had the plaintiffs properly included facts or claims related to such an allegation in their pleading Officer Camacho would have responded to such allegations in his answer or possibly even a motion to dismiss the complaint. He also would have added any applicable affirmative defenses depending on whatever claim or set of facts the plaintiffs tried to make in connection with the alleged acts at the Lawrence Police station. Since the plaintiffs failed to include that in their pleading Officer Camacho was unfairly deprived of that opportunity and will be unfairly prejudiced if such allegations are now added.

Moreover, Officer Camacho could have explored the claims more fully through discovery. However, since discovery is now closed, Officer Camacho has no ability to do that and will therefore be prejudiced should the Court permit the plaintiffs to make such new assertions.

Further, given that the allegations related to the Lawrence Police station are not relevant to the claims at issue as stated above, the only possible reason that the plaintiffs would make any reference to them is to inflame the emotions of the jurors. That is further grounds for excluding

any such reference. *See Navarro de Cosme v. Hospital Pavia*, 922 F.2d 926, 930-31 (1st Cir.1991)(gruesome photographs properly excluded by the trial judge as prejudicial and inflammatory).

In sum, even if the Court deems the facts alleged at the plaintiff's deposition concerning the Lawrence Police station relevant to the claims in the complaint it should exclude any evidence of them. Without question, the probative value of such evidence at this time is substantially outweighed by the danger of unfair prejudice to the defendant.

WHEREFORE, Defendant Claudio Camacho, hereby moves that the Court issue an order precluding the Plaintiffs from giving testimony, presenting evidence or otherwise mentioning at trial an alleged assault and battery upon the plaintiff while in custody at the Lawrence Police Station on February 21, 2005.

Respectfully submitted,
For the Defendant,
**Claudio Camacho,**
By his attorneys,

/s/ Paul M. Facklam, Jr.
Matthew E. Dwyer
B.B.O. #139840
Paul M. Facklam, Jr.
B.B.O. #638190
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
(617) 723-9777

Dated: September 4, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on this date.


Date:  September 4, 2007                            /s/ Paul M. Facklam, Jr.
                                                                 Paul M. Facklam, Jr.


F:\LPA\Comacho\pldg\mem.support.mot.limine.doc