UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
LILLIAN PELLETIER and     )
RAFAEL MELENDEZ,          )
      Plaintiffs     )
                          )
  v.                      )
                          )
CITY OF LAWRENCE and      )
CLAUDIO COMACHO,          )
      Defendants     )
_____)

**MEMORANDUM IN OPPOSITION OF DEFENDANT'S
MOTION IN LIMINE TO PRECLUDE THE PLAINTIFFS FROM PRESENTING
EVIDENCE RELATED TO THE ASSAULT AND BATTERY UPON THE
PLAINTIFFS WHILE IN CUSTODY AT THE LAWRENCE POLICE STATION
ON FEBRUARY 21, 2005**

I.    FACTS

On June 15, 2005 the Plaintiffs filed a complaint in the above captioned matter alleging a violation of their civil rights pursuant to 42 U.S.C. § 1983.  The Plaintiffs named Claudio Camacho, a Lawrence Police Officer, and the City of Lawrence as Defendants.  The Plaintiffs contend that Officer Camacho violated their civil rights by wrongfully arresting them and using excessive force through the entire arrest process.

Upon leaving a dance club on the evening of February 21, 2005, the Plaintiffs were wrongfully arrested by the Defendant, Comacho.  During the course of the arrest, Defendant used excessive force.  After placing the Plaintiffs in handcuffs, another officer took them to the police station to complete the arrest booking process.  While the Plaintiffs were waiting to be booked, Defendant Comacho came into the cell.  Plaintiff Melendez was handcuffed on a concrete bench on one side; while Lillian Pelletier was on handcuffed on the opposite of the cell.  The Defendant immediately approached Melendez and continued to physically beat him.  As a result of the beatings throughout

1

the entire arrest process Plaintiffs suffered physical and emotion injuries to their persons, damage to their reputation, loss of liberty and were required to defend themselves in Lawrence District Court.

The complaint states a single count of violation of 42 U.S.C. §1983 arising out of the entire arrest process. During the discovery process, Plaintiff Melendez was deposed. During his deposition, he gave testimony in great detail of the beating he suffered at both the scene and the police station. Contrary to the Defendant's statements of facts which claims this was the first time the station beating was mentioned, Melendez told his doctor that his injuries occurred from being beaten at the scene and the station. The hospital included these statements in his medical records. The medical records were turned over to the Defendants as part of discovery. Furthermore, in response 14 to Defendant Claudio Comacho's First Request for Interrogatories, Melendez stated he was beaten, maced, arrested, handcuffed, kicked, thrown in a wagon *and beaten again while in custody*. (emphasis added).

II.    ARGUMENT

A.    The Station Beating Is Relevant to the Claims of a §1983 Violation And Is Not Unfairly Prejudicial To The Defendants

Evidence of the beating which occurred at the Lawrence Police station makes it more probable that the Defendants violated the Plaintiff's Civil Rights. Rule 401 of the Federal Rules of Evidence allows all "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. Rule 401. The principals stated in Rule 401 are further magnified by Rule 402 allowing that all

relevant evidence be admissible unless provided otherwise by another rule or law. Fed.R.Evid. Rule 402. Rule 403 is one such rule which limits the admissibility of relevant evidence, but only when the probative value of the evidence is *substantially* outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, or undue delay or needless presentation of cumulative evidence. Fed.R.Evid. Rule 403 (emphasis added).

The Federal Rules of Civil Procedure and the First Circuit allow for liberal pleadings as long as the opposing party are given reasonable advance notice of the major issues at play. Fed.R.Civ.P. Rule 8(a)(2) (requiring only "a short and plain statement of the claim showing the pleading is entitled to relief"); Conley v. Gibson, 355 U.S. 41 (1957); modified by Bell Atlantic Corp. v. Twombly, 127 S.Ct 1955 (2007)(requiring enough facts to state a claim to relief that is plausible on its face and rejecting heightened fact pleading of specifics); Wolf v. Reliance Standard Life Ins., 71 F.3d 444 (1st Cir.1995)(recognizing an affirmative defense must be pleaded in the answer to put the opposing party on notice of the defense so they can prepare accordingly without being forced to change their tactics late in the process).

In the present case, the Plaintiffs assert more than mere conclusory allegations. The complaint alleges excessive force used during the arrest of the Plaintiffs; the entire arrest process. The factual allegations restated in the complaint are sufficient to put the Defendants on notice of the grounds which the Plaintiffs' claim rests. Contrary to the Defendant's position, all parties were made well aware of the accusations involving the Lawrence Police Station throughout the entire case. Plaintiff Melendez's medical records from the day following the incident, which were provided to the Defendants' document

requests, expressly mentions the beating sustained at the station. Additionally, the Plaintiff was deposed in this matter. During his deposition he spoke with clarity about the assault and battery at the police station. Furthermore, in response to the Defendant's interrogatories, the Melendez again referenced the station house beating.

Consequently, since the Defendants were on notice of the stationhouse beating from such an early stage, they were not put through any added expense or forced to engage in significant additional preparation. The Defendants did explore the allegations about the continued beating back at the police station by asking follow up questions at the depositions. Also, the topic has been addressed by the parties informally over the course of this case.

The beating the Plaintiff suffered at the station is clearly relevant because they show the excessive force carried over from the scene into the booking process. The Defendants were on notice and aware of these allegations from an early stage and are only seeking to avoid their use at trial because of the extreme egregiousness of them. As a result, the Defendants are not unfairly prejudiced by introduction of relevant testimony about the beating which took place at the police station.

        Respectfully submitted,
        By the Plaintiffs,
        Through their attorney,

        /s/ Richard J. Ahern_____
        Richard. J. Ahern
        BBO# 556537
        200 Central Street
        Lowell, MA 01852
        (978) 970-2989
        rjahern@verizon.net